UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON DEAN HINSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-CV-785 NAB |
| ) | |
| MISSOURI EASTERN CORR. CTR., et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Jason Dean Hinson, Jr., an inmate at Missouri Eastern Correctional Center (MECC), for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court has determined plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to show cause why this action should not be dismissed for failure to fully exhaust his prison remedies.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On July 5, 2022, plaintiff filed the instant action brought pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights in the United States District Court for the Western District of Missouri. *Hinson v. Missouri Eastern Correctional Center*, No. 4:22CV422 GAF (W.D.Mo.). The Honorable Judge Gary A. Fenner transferred plaintiff's case to this Court on July 25, 2022, pursuant to 28 U.S.C. § 1404(a).

Plaintiff brings this civil rights action against MECC and Correctional Officer Willie J. Randall, an employee at MECC, asserting that he was "assaulted" by Officer Randall on March 3, 2022, while being escorted back to Housing Unit 5. Plaintiff alleges that after a verbal altercation with Correctional Officer Randall, defendant Randall placed his hands on plaintiff's neck and squeezed. Plaintiff also alleges that Randall twisted his arms behind his back and slammed his head against the wall.[1] Plaintiff seeks monetary relief in his complaint.

---

[1] It appears plaintiff received a conduct violation relative to the altercation with Officer Randall.

3

In the section of the form complaint titled, 'Exhaustion of Administrative Remedies/Administrative Procedures,' plaintiff indicates that he is still in the process of completing the grievance procedures. He has attached to his complaint a copy of the Information Resolution Request (IRR), as well as the IRR response, regarding the event he filed on March 11, 2022. However, plaintiff has not attached to his complaint his grievance or his grievance appeal after the filing of his IRR, nor has he mentioned these documents in his complaint.

## Discussion

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Moreover, pursuant to *Booth v. Churner*, 532 U.S. 731, 733-40 (2001), exhaustion is required where prison administrative remedies are available, even if the available administrative remedies do not provide the precise, or full, relief sought. *Lyon v. Krol*, 305 F.3d 806, 808 (8th Cir. 2002). Prisoners are required to fully exhaust their prison remedies prior to filing a complaint in Federal Court. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly (so that the agency addresses the issue on the merits)") (citation omitted); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("if exhaustion was not completed at the time of filing, dismissal is mandatory").

Plaintiff indicates in his complaint that he is still in the process of exhausting his administrative remedies. Additionally, it is unclear from plaintiff's complaint whether he has fully exhausted the grievance remedies available at MECC and through the Missouri Department of Corrections *prior to* filing this action. If plaintiff did, in fact, file a grievance (and grievance appeal), it is unclear whether MECC has had an opportunity to formally respond. *See Irving v.*

4

*Ventura*, 2020 WL 5491689 (W.D. Mo. Sept. 2, 2020) (dismissing for failure to exhaust when plaintiff indicated on the face of the complaint that he filed a grievance only a couple of weeks before and had not yet received a formal answer).

Because plaintiff is a prisoner and proceeding as a self-represented litigant, the Court will give him an opportunity show cause why this action should not be dismissed, without prejudice to refiling at a later date, for failure to exhaust *all of his prison grievances prior to filing this action.* In so doing, plaintiff should set forth the dates he filed his grievance(s) and appeal(s), if any, as well as the dates he received institutional response(s). Plaintiff should also attach copies of his grievance, grievance appeal, and any written responses. If he cannot obtain copies from the institution, plaintiff must explain what attempts he has made to request these documents. If plaintiff fails to comply, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall show cause **within twenty-one (21) days from the date of this Memorandum and Order** why this action should not be dismissed for failure to fully exhaust his prison remedies prior to filing this action. Plaintiff must include in his show cause response the dates his grievances and grievance appeals were denied, and attach copies of such documents.

5

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 12th day of August, 2022.

                                                HENRY EDWARD AUTREY
                                               UNITED STATES DISTRICT JUDGE