# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JASON DEAN HINSON, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22-CV-785 NAB |
| ) | |
| MISSOURI EASTERN CORR. CTR., et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's response to the Order to Show Cause why this matter should not be dismissed due to plaintiff's failure to exhaust his administrative remedies. For the reasons discussed below, the Court will dismiss plaintiff's complaint, without prejudice, due to his failure to exhaust his administrative remedies with respect to his claims.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On July 5, 2022, plaintiff filed the instant action brought pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights in the United States District Court for the Western District of Missouri. *Hinson v. Missouri Eastern Correctional Center*, No. 4:22CV422 GAF (W.D.Mo.). The Honorable Judge Gary A. Fenner transferred plaintiff's case to this Court on July 25, 2022, pursuant to 28 U.S.C. § 1404(a).

Plaintiff brings this civil rights action against MECC and Correctional Officer Willie J. Randall, an employee at MECC, asserting that he was "assaulted" by Officer Randall on March 3, 2022, while being escorted back to Housing Unit 5. Plaintiff alleges that after a verbal altercation with Correctional Officer Randall, defendant Randall placed his hands on plaintiff's neck and

2

squeezed. Plaintiff also alleges that Randall twisted his arms behind his back and slammed his head against the wall.[1] Plaintiff seeks monetary relief in his complaint.

Because in the section of the form complaint titled, 'Exhaustion of Administrative Remedies/Administrative Procedures,' plaintiff indicated that he was still in the process of completing the grievance procedures, on August 12, 2022, the Court ordered plaintiff to show cause why this action should not be dismissed due to plaintiff's failure to exhaust his administrative remedies. Plaintiff filed a response to the Court's Order on August 29, 2022.

In the response to the Court's Order, plaintiff states that he filed his Informal Resolution Request (IRR) and grievance, but he failed "to hear back from them." He states that he has asked multiple other employees about filing an appeal of his grievance, but he has been told he has to first finish the grievance step. He believes that MECC is stopping him from finishing the grievance process; however, he has not provided a basis for his assertion.

In addition to the response to the Court, plaintiff has also filed a motion to obtain video footage relating to the alleged assault that took place on March 3, 2022.

## Discussion

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Moreover, pursuant to *Booth v. Churner*, 532 U.S. 731, 733-40 (2001), exhaustion is required where prison administrative remedies are available, even if the available administrative remedies do not provide the precise, or full, relief sought. *Lyon v. Krol*, 305 F.3d 806, 808 (8th Cir. 2002). Prisoners are required to fully exhaust their prison remedies prior to filing a complaint in Federal Court. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)

---

[1] It appears plaintiff received a conduct violation relative to the altercation with Officer Randall.

(explaining proper exhaustion of remedies "means using all steps that the [prison] holds out and doing so properly (so that the agency addresses the issue on the merits)") (citation omitted); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("if exhaustion was not completed at the time of filing, dismissal is mandatory").

For an inmate to file a lawsuit relating the prison conditions under 42 U.S.C. § 1983, he must first exhaust the administrative remedies that are available as to that claim. 42 U.S.C. § 1997e(a). "[T]he language of section 1997e(a) clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal" of actions in which the administrative remedies were not exhausted prior to filing. *Johnson*, 340 F.3d at 628 (emphasis added). "Exhaustion of all remedies is set forth by the Missouri Department of Corrections Offender Grievance Procedures and must be completed prior to prisoner filing suit." *Leonberger v. Braunum*, 06-4014-CV-C-SOW, 2007 WL 495024, at *2 (W.D. Mo. Feb. 12, 2007). An inmate satisfies § 1997e(a) by pursing "the prison grievance process to its final stage" to "an adverse decision on the merits." *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). When determining whether a plaintiff failed to exhaust administrative remedies, "[i]t does not matter . . . that [plaintiff] may have been subjectively believed that there was no point in pursuing administrative remedies." *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002).

The Missouri Department of Corrections utilizes a three-step procedure for its administrative remedy system for prisoners: an Information Resolution Request ("IRR"), a Grievance, and a Grievance Appeal. A prisoner must meet the requirements of each step for their remedies to be considered exhausted under the Prison Litigation Reform Act ("PLRA"). *Woodford*, 548 U.S. at 85. ("Exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983."); *see also* 42 U.S.C. § 1997e(a).

Plaintiff has attached to his complaint (and response brief) a copy of his IRR. He states that he filed the IRR with the Missouri Department of Corrections on March 11, 2022. Although plaintiff states that he has also filed a grievance, he has not attached a copy of this document to his complaint or his response. Additionally, as noted above, plaintiff readily admits that he is waiting for the Missouri Department of Corrections to respond to his grievance so that he can file his grievance appeal before he can fully exhaust his administrative remedies in this matter. Based on the foregoing, the Court is obligated to dismiss this action, without prejudice, until such time as plaintiff's administrative remedies are properly exhausted. Plaintiff's request for video footage will also be denied at this time as moot until plaintiff has a pending action before this Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's action is **DISMISSED** without prejudice for failure to properly exhaust his administrative remedies with respect to his claims.

**IT IS FURTHER ORDERED** that plaintiff's request for video footage is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 22nd day of September, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE